```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
                                        :
UNITED STATES OF AMERICA                :
                                        :      SEALED INDICTMENT
         - v. -                         :
                                        :      S1 06 Cr. 507
LUIS CARLOS CONDE-FALON,                :
    a/k/a "Nene,"                       :
MANUEL HUMBERTO GOMEZ,                  :
ARLES BALLESTEROS-SANCHEZ,              :
LUIS ALEJANDRO LEYTON-GONZALEZ, and     :
JHONATAN CRUZ-VARGAS,                   :
                                        :
                        Defendants.     :
                                        :
- - - - - - - - - - - - - - - - - - - -x
```



## COUNT ONE

(Conspiracy to Distribute Cocaine)

The Grand Jury charges:

1. From at least in or about October 2005 up to and including at least in or about July 2006, in the Southern District of New York and elsewhere, LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and JHONATAN CRUZ-VARGAS, the defendants, and others known and unknown, unlawfully, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and

JHONATAN CRUZ-VARGAS, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

MEANS AND METHODS OF THE CONSPIRACY

3. Among the means and methods by which LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and JHONATAN CRUZ-VARGAS, the defendants, and their co-conspirators would and did carry out the conspiracy were the following:

 a. At all times relevant to this Indictment, CONDE-FALON headed a cocaine-trafficking organization based in Bogota, Colombia (the "Conde Organization"), that smuggled multi-kilogram quantities of cocaine from Colombia to the United States. The Conde Organization had numerous employees and associates in Colombia, including BALLESTEROS-SANCHEZ, LEYTON-GONZALEZ, and CRUZ-VARGAS.

 b. At all times relevant to this Indictment, the Conde Organization smuggled the cocaine by concealing it inside perishable foodstuffs, including sacks of corn flour, boxes of fruit drinks, and boxes of pancake mix, which was exported by

2

Colombian companies such as Exsoandina Ltd. to U.S. companies such as Gomeza LLC.

c. At all times relevant to this Indictment, MANUEL HUMBERTO GOMEZ, the defendant, was an owner of Gomeza LLC, and received shipments of cocaine sent by the Conde Organization.

<u>Overt Acts</u>

4. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about March 6, 2006, LUIS CARLOS CONDE-FALON, a/k/a "Nene," the defendant, spoke on the telephone with a ARLES BALLESTEROS-SANCHEZ, the defendant, regarding a shipment of approximately 90 kilograms of cocaine that had been sent to the United States.

b. On or about May 3, 2006, MANUEL HUMBERTO GOMEZ, the defendant, while in Manhattan, New York, made a telephone call to CONDE-FALON regarding shipments to the United States.

c. On or about January 23, 2006, LUIS ALEJANDRO LEYTON-GONZALEZ, the defendant, participated in the delivery of approximately 46 kilograms of cocaine to El Dorado Airport in Bogota, Colombia.

   d. On or about July 16, 2006, JHONATAN CRUZ-VARGAS, the defendant, spoke on the telephone with a co-conspirator not named as a defendant herein ("CC-1").

   (Title 21, United States Code, Section 846.)

### COUNT TWO

(Conspiracy to Import Cocaine)

The Grand Jury further charges:

   5. From at least in or about October 2005, up to and including at least in or about July 2006, in the Southern District of New York and elsewhere, LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and JHONATAN CRUZ-VARGAS, the defendants, and others known and unknown, unlawfully, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

   6. It was a part and an object of the conspiracy that LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and JHONATAN CRUZ-VARGAS, the defendants, and others known and unknown, would and did import into the United States from a place outside thereof a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 952(a), 960(a)(1) and 960(b)(1)(B)(ii) of Title 21, United States Code.

7. It was a further part and an object of the conspiracy that LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and JHONATAN CRUZ-VARGAS, the defendants, and others known and unknown, would and did manufacture and distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, intending and knowing that such controlled substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 812, 959, 960(a)(3) and (960)(b)(1)(B)(ii) of Title 21 of the United States Code.

<u>Overt Acts</u>

8. In furtherance of the conspiracy, and to effect the illegal object thereof, the following acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about March 6, 2006, LUIS CARLOS CONDE-FALON, a/k/a "Nene," the defendant, spoke on the telephone with a ARLES BALLESTEROS-SANCHEZ, the defendant, regarding a shipment of approximately 90 kilograms of cocaine that had been sent to the United States.

b. On or about May 3, 2006, MANUEL HUMBERTO GOMEZ, the defendant, while in Manhattan, New York, made a

telephone call to CONDE-FALON regarding shipments to the United States.

  c. On or about January 23, 2006, LUIS ALEJANDRO LEYTON-GONZALEZ, the defendant, participated in the delivery of approximately 46 kilograms of cocaine to El Dorado Airport in Bogota, Colombia.

  d. On or about July 16, 2006, JHONATAN CRUZ-VARGAS, the defendant, spoke on the telephone with a co-conspirator not named as a defendant herein ("CC-1").

  (Title 21, United States Code, Section 963.)

## FORFEITURE ALLEGATIONS

  9. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, LUIS CARLOS CONDE-FALON, a/k/a "Nene," MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALEZ, and JHONATAN CRUZ-VARGAS, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including but not limited to the following:

  a. At least $4,000,000 in United States currency, in that such sum in aggregate is property representing

the amount of proceeds obtained as a result of the offenses specified in Counts One and Two above, for which the defendants are jointly and severally liable.

### Substitute Assets Provision

10. If the above-described forfeitable property, as a result of any act or omission of the defendants:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third person;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____          _____
FOREPERSON                                MICHAEL J. GARCIA
                                          United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

LUIS CARLOS CONDE-FALON,
a/k/a "Nene,"
MANUEL HUMBERTO GOMEZ,
ARLES BALLESTEROS-SANCHEZ,
LUIS ALEJANDRO LEYTON-GONZALEZ, and
JHONATAN CRUZ-VARGAS,

Defendants.

SEALED INDICTMENT

S1 06 Cr. 507

(Title 21, United States Code,
Sections 846 and 963.)

MICHAEL J. GARCIA
United States Attorney

A TRUE BILL

_____
Foreperson